## State v. Hill and Blake.

The crime of endeavoring to privately conceal the death of a bastard child, in violation of Gen. St., *c.* 256, *s.* 8, may be committed, although the facts are from necessity made known to some one who is requested to keep them secret.

Indictment of Mrs. Hill, upon Gen. St., *c.* 256, *s.* 8, for being privately delivered of a bastard child, and endeavoring privately to conceal its death and the cause thereof; and of Mr. Blake as an accessory. The defendants lived together, but were not married. When Mrs. Hill was delivered of the child, Mrs. C., a neighbor, at Blake's request, came to the defendants' house to render assistance; was there informed by Blake of the facts; was requested by him to keep the matter secret; saw the child dead in the presence of the defendants; cut the umbilical cord; advised Mrs. Hill to send for a physician, but she refused to have any one else called in. No clothing had been prepared for the child; and Blake buried the body in the cellar. Subject to the defendants' exception, the court instructed the jury that Mrs. C.'s knowledge, obtained from the defendants, would not necessarily prevent a conviction; that the defendants might be guilty, although they did not conceal the facts from everybody; that the crime consists in the intent and endeavor to conceal; and that the jury should consider all the evidence, including the fact that Mrs. C. was called in, and the circumstances under which she was called. Verdict against the defendants. Bill of exceptions.

*Blair & Burleigh*, for the defendants.

The object of the statute is, to prevent the concealment of evidences of infanticide. In *Peat's Case*, 1 East P. C. 229, it was held that the presence of any second person, even an accomplice, negatived the charge of concealment; and this case was afterwards overruled only where the second person was an accomplice. 2 Arch. 128. If the information given by the defendants to one innocent person does not disprove the charge of concealment, the law cannot determine how many must be informed in order to avoid a violation of the statute.

*Farr*, solicitor, for the state.

The endeavor to conceal the death is the essence of the offence. If absolute concealment were necessary, conviction would be impossible. Success in the attempt is safety from punishment, even if the death was by murder. The instructions given to the jury were correct. 2 Arch. 128, *n.;* 2 Wharton Cr. L., *s.* 1235.

DOE, C. J. The gist of the crime is not a concealment of the death and the cause thereof, but an attempt to so conceal them that they may not come to light. Such a concealment may be attempted by one who is unable to keep knowledge of the facts from others whose assistance is necessarily called for, and upon whom secrecy is enjoined. With these limitations, knowledge of the facts may be communicated to others by one who is making every prudent effort of concealment, amounting to such an endeavor as the statute was designed to prevent. A reasonable regard for the mother's health and life might have required aid from the neighbor who was enlisted in the safe keeping of the secret.

*Exceptions overruled.*

CLARK, J., did not sit.